NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 7 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT THOMAS, <br><br> Petitioner, <br><br> v. <br><br> FEDERAL MINE SAFETY AND HEALTH REVIEW COMMISSION; CALPORTLAND COMPANY, <br><br> Respondents. | No. 24-1442 <br><br> Agency Nos. <br> WEST 2018-0402-DM <br> WEST 2019-0205 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Federal Mine Safety and Health Review Commission

Submitted May 6, 2025[**]
San Francisco, California

Before: McKEOWN, FORREST, and BUMATAY, Circuit Judges.
Dissent by Judge BUMATAY.

Petitioner Robert Thomas seeks review of a decision of the Federal Mine

Safety and Health Review Commission denying his retaliation claim brought under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the Mine Act, 30 U.S.C. § 815(c)(1), (3). We assume the parties' familiarity with the facts. For the second time, *see Thomas v. CalPortland Co.* (*Thomas I*), 993 F.3d 1204 (9th Cir. 2021), and because the Commission misapplied the substantial evidence standard, we grant Thomas's petition and vacate and remand.

1. ***Standard of Review.*** The Mine Act instructs that "[t]he findings of the Commission with respect to questions of fact, if supported by substantial evidence on the record considered as a whole, shall be conclusive." 30 U.S.C. § 816(a)(1); *see also Miller Min. Co. v. Fed. Mine Safety & Health Rev. Comm'n*, 713 F.2d 487, 490 (9th Cir. 1983) ("This court will uphold the factual findings of the administrative law judge if there is substantial evidence to support them."). It also defines the Commission's review authority over the decisions of its administrative law judges (ALJ). 30 U.S.C. § 823(d). As relevant here, the Commission may only review an ALJ's factual findings for substantial evidence, *id.* § 823(d)(2)(A)(ii)(I), (d)(2)(A)(iii), and it commits legal error if it does not apply this standard. *Thomas I*, 993 F.3d at 1211 n.4; *accord, e.g.*, *Donovan ex rel. Chacon v. Phelps Dodge Corp.*, 709 F.2d 86, 91–92 (D.C. Cir. 1983); *Sec'y of Lab. v. Knight Hawk Coal, LLC*, 991 F.3d 1297, 1306 (D.C. Cir. 2021).[1]

---

[1]This is consistent with our opinions focusing on similar statutory regimes that specify an administrative tribunal is bound to apply a particular standard of review to ALJ decisions. *See Bumble Bee Seafoods v. Dir., Off. of Workers' Comp. Programs*, 629 F.2d 1327, 1329 (9th Cir. 1980) (relying on 33 U.S.C. § 921(b)(3) to

The dissent argues that because § 816(a)(1) only allows us to review *the Commission's* factual findings for substantial evidence, we cannot assess whether the Commission applied the correct standard when reviewing the ALJ's factfinding. We disagree. As the D.C. Circuit has explained, § 816(a)(1)'s reference to "Commission" refers to the agency generally—not just the Commission—because "in many cases the ALJ's decision will become the decision of the Commission." *Donovan ex rel Chacon*, 709 F.2d at 91 n.7; *see also* 30 U.S.C. § 823(d)(1). But more crucially, the statute plainly provides that the Commission, in and of itself, has no fact-finding authority when it reviews decisions of its ALJs. 30 U.S.C. §

conclude that because the Benefits Review Board reviews decisions of its ALJs for substantial evidence, "the Board may not substitute its views for those of the [ALJ] or engage in a de novo review of the evidence" and "[t]he only way we can ascertain whether the Board has adhered to this standard is to conduct an independent review of the administrative record"). And the inverse is true as well. Where a statute creating an administrative review tribunal does not mandate a particular standard of review, the tribunal may review the ALJ's findings de novo and rely on its own view of the facts. *See, e.g., NLRB v. Int'l Bhd. of Elec. Workers, Loc. 77*, 895 F.2d 1570, 1573 (9th Cir. 1990); 29 U.S.C. § 160(c)–(e) (requiring the court to review findings of the NLRB for substantial evidence, but permitting the NLRB to modify or set aside decisions of its ALJs "at any time upon reasonable notice and in such manner as it shall deem proper").

In contrast to the statute governing the National Labor Relations Board, the Commission may only "affirm, set aside, or modify the decision or order of the [ALJ] *in conformity with the record*." 30 U.S.C. § 823(d)(2)(C) (emphasis added). We also observe that § 823 expressly rejects application of 5 U.S.C. § 557(b), which provides that "[o]n appeal from or review of the initial decision [by the ALJ], the agency has all the powers which it would have in making the initial decision." *See* 30 U.S.C. § 823(d)(2)(C). Therefore, the Mine Act creates an internal review process dissimilar from that governing other agencies.

823(d)(2)(A)(ii)(I), (iii). The Commission is to review an ALJ's factual findings for substantial evidence and Section 816(a)(1) "does not supersede the statutory limits on the Commission's own powers of discretionary review." *Donovan*, 709 F.2d at 91 n.7. Whether an administrative review body has complied with its statutory scope of review is a question of law that we review de novo. *E.g.*, *Rodriguez v. Holder*, 683 F.3d 1164, 1169–70 (9th Cir. 2012); *see also Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 392 n.4 (2024).

Here, the Commission purported to review the ALJ's decision for substantial evidence. Thus, we must determine whether the Commission erred in concluding that the ALJ's decision did not meet this standard. Substantial evidence "means only [] 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 587 U.S. 98, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It requires "review of the whole record." *Kyung Park v. Holder*, 572 F.3d 619, 624 (9th Cir. 2009) (citation omitted). When "the evidence can reasonably support either affirming or reversing" the factfinder's conclusion, then the Commission, like a reviewing court, "may not substitute its judgment" for that of the factfinder. *See Flaten v. Sec'y of Health & Hum. Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995).

**2.** ***Retaliation.*** A retaliation claim under § 815(c)(1) has three elements: (1) the claimant engaged in protected activity; (2) the employer discharged or

discriminated against the claimant; and (3) a causal connection between the two.[2] The first two elements are not at issue here.

In *Thomas I*, we held that the third element requires a claimant to prove but-for causation. 993 F.3d at 1209–11. But-for causation requires courts "to change one thing at a time and see if the outcome changes. If it does, [the court has] found a but-for cause." *Bostock v. Clayton County*, 590 U.S. 644, 656 (2020). And because causation for retaliation boils down to the employer's motivations, where direct evidence of retaliation is lacking, analogous cases have considered: (a) the employer's knowledge of the protected activity; (b) the timing of the discriminatory act relative to the protected activity; (c) the employer's hostility or animosity towards the claimant; (d) the employer's differential treatment of the claimant; and (e) the employer's explanation for the alleged discriminatory act, and whether that explanation is merely pretextual. *E.g.*, *Maner v. Dignity Health*, 9 F.4th 1114, 1127–28 (9th Cir. 2021); *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (per curiam); *Winarto v. Toshiba Am. Elecs. Components, Inc.*, 274 F.3d 1276, 1285–86 (9th Cir. 2001); *Miller v. Fairchild Indus., Inc.*, 885 F.2d 498, 506 (9th Cir. 1989); *Kama v. Mayorkas*, 107 F.4th 1054, 1059 (9th Cir. 2024).

---

[2]The statute reads: "No person shall discharge or in any manner discriminate against . . . any miner . . . because such miner . . . has filed or made a complaint under or related to this chapter, including a complaint notifying the operator . . . of an alleged danger or safety or health violation . . . ." 30 U.S.C. § 815(c)(1).

The ALJ found four sets of protected activity and three adverse actions. After reviewing the decisions below and the entire factual record, we conclude that the Commission failed to limit its review to whether the ALJ's findings are supported by substantial evidence. Thus, regardless of whether the Commission's view of the facts might also be supported by substantial evidence, as the dissent contends, the Commission erred.

To demonstrate the validity of the ALJ's findings, we highlight some key pieces of evidence. Relevant to Thomas's suspension and termination, the ALJ found that Dean Demers—Thomas's supervisor—knew of Thomas's safety complaints and that the timing of the discharge was suspicious. The ALJ also credited testimony suggesting that Demers was happy to have suspended Thomas and that Demers himself engaged in similar safety violations to the one allegedly motivating the action taken against Thomas. This is particularly relevant because Demers drafted the initial termination letter that was "accidentally" sent to Thomas, which caused Thomas's eventual "voluntary resignation."

The ALJ also found that CalPortland's investigation was rushed, evidencing pretext. Although the Commission voiced some valid concerns with this and other evidence, they were insufficient to overcome the evidence cited by the ALJ. Instead, the Commission repeatedly substituted its view of certain evidence for that of the ALJ. That was error under 30 U.S.C. § 823(d)(2)(A)(iii).

We do not address Thomas's remaining arguments, as they would have no impact on our decision.

The petition for review is **GRANTED,** the Commission's decision is **VACATED,** and the matter is **REMANDED** to the Commission. The matter of the ALJ's supplemental order regarding the amount of damages remains to be conclusively resolved.



*Thomas v. Fed. Mine Safety & Health Rev. Comm'n*, No. 24-1442
BUMATAY, Circuit Judge, dissenting:

Because the Federal Mine Safety & Health Commission's factual findings *must* be treated as "conclusive" if supported by substantial evidence, I respectfully dissent.

1.  Robert Thomas challenges the Commission's finding that he failed to prove that CalPortland Company fired him in retaliation for his protected activity and the Commission's finding that the administrative law judge ("ALJ") in the case failed to consider all the evidence in ruling for Thomas. We should have denied the petition on both claims.

The Mine Act is crystal clear on our review of Commission decisions. As its title suggests, § 816 governs the "Judicial review of Commission orders." 30 U.S.C. § 816. It allows a person aggrieved by a Commission order to appeal to a federal court of appeals. *Id.* § 816(a)(1). Section 816 then prescribes a limited role for federal courts over fact findings. It instructs that "[t]he findings of the Commission with respect to questions of fact, if supposed by substantial evidence on the record considered as a whole, *shall be conclusive*." 30 U.S.C. § 816(a)(1) (emphasis added). So Congress's command is straightforward. When reviewing the Commission's findings of fact, we must review only for "substantial evidence." If the Commission's factfinding clears that low bar, its findings are "conclusive." And the provision doesn't leave wiggle room for us to do anything otherwise. *See*

1

*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998) (using the mandatory term *shall* "normally creates an obligation impervious to judicial discretion"); *Fejes v. FAA*, 98 F.4th 1156, 1161 (9th Cir. 2024) ("'Shall' indicates mandatory action."). Thus, "the Commission's factual findings must be upheld if they are supported by substantial evidence." *D.H. Blattner & Sons, Inc. v. Sec. of Lab., Mine Safety and Health Admin.,* 152 F.3d 1102, 1108 (9th Cir. 1998).

Under this "highly deferential" standard of review, *G.C. v. Garland*, 109 F.4th 1230, 1239 (9th Cir. 2024), we should have easily denied Thomas's first and second claims. It is uncontested that, in January 2018, a government inspector alleges observing Robert Thomas working on a ladder on a barge over open water without a personal flotation device—in violation of government regulations. It is also uncontested that the government inspector issued a citation to CalPortland, Thomas's employer, for Thomas's failure to wear a safety device. The inspector viewed Thomas's actions as aggravated and a substantial violation that could reasonably likely result in a fatality. CalPortland then suspended Thomas and eventually discharged him.

Given these uncontested facts, substantial evidence supports the Commission's finding that Thomas failed to show a causal nexus between any protected activity and an adverse action. For example, while Thomas established that his supervisor, Dean Demers, had animus toward him, the Commission

2

reasonably concluded that the animus resulted from Thomas's perceived disrespectful behavior toward Demers rather than from Thomas's safety complaints, cooperation with the government inspector, or threats of legal action. Indeed, Thomas admitted hanging up on Demers during a heated phone call and that Demers made the comments allegedly showing animus toward Thomas the next morning. A reasonable mind could accept the Commission's conclusion considering the record. *See Biestek v. Berryhill*, 587 U.S. 97, 103 (2019).

The Commission also found that Thomas couldn't identify similarly situated employees not punished as Thomas was for his misconduct—thus, failing to show disparate treatment. While Thomas complained that another employee failed to wear a flotation device while *indoors* on a boat, he could not show that any employee was similarly *reported* for failing to wear a life jacket over open water who was not suspended.

Substantial evidence also supports the Commission's finding that CalPortland's justifications for firing Thomas weren't mere pretext. First, evidence showed that CalPortland made several efforts to contact Thomas but that Thomas was unresponsive. Further, evidence showed that Thomas only offered to provide information in written statements and didn't fully cooperate with CalPortland's investigation. But even if CalPortland fired Thomas for the misconduct citation and following investigation, the Commission reasonably found the firing justifiable

3

because, based on the mine's violation history, it "was by far the most serious violation the company had dealt with."

For the same reasons, substantial evidence also supports the Commission's finding that ALJ in the case didn't consider the totality of the evidence in initially ruling for Thomas.

The majority doesn't disagree that substantial evidence supports the Commission's findings. Rather, the majority reasons that when § 816(a)(1) limits our review to the findings of fact of the "Commission" it does not mean the "Commission" at all, but instead "refers to the agency generally." Maj. Op. 3. But as judges, our job is to follow the statute's plain meaning and presume that Congress "says what it means and means what it says." *Oklahoma v. Castro-Huerta*, 597 U.S. 629, 642 (2022). Yet despite § 816(a)(1)'s clear command, the majority insists that we must go beyond the Commission's factfinding and also look at what the ALJ found in the case. And in analyzing the record, the majority picks the ALJ's version of the facts—which teeters close to de novo factfinding. But that's not what § 816(a)(1) requires.

Rather than relying on the Mine Act's provision governing *judicial* review, *see* 30 U.S.C. § 816, the majority seizes on a phrase in the Act's provision governing *administrative* review, *see id.* § 823(d)(2)(A)(ii)(I). The majority believes this administrative review provision gives our court plenary authority to overturn the

4

Commission's factfinding. But that's not the congressional design. Under § 823(d), Congress gives broad powers to the Commission over ALJ decisions. Congress grants the Commission authority to "prescribe rules of procedure for its review of decisions of" ALJs and makes the Commission's review of ALJ decisions discretionary. *Id.* § 823(d)(2)(A)(i). Congress expressly authorizes the Commission to "affirm, set aside, or modify the decision or order of the administrative law judge in conformity with the record." *Id.* § 823(d)(2)(C). Congress then limited the grounds for appeal of ALJ decisions to the Commission, including the ground that a "finding or conclusion of material fact is not supported by substantial evidence." *Id.* § 823(d)(2)(A)(ii)(i).

Based on the language of § 823(d)(2)(A)(ii)(i), the majority thinks that we can disregard the plain text of § 816(a)(1) and that we must pierce the Commission's factfinding even if it's supported by substantial evidence. But the language of § 823(d)(2)(A)(ii)(i) says no such thing. It only lists a ground of appeal of an ALJ decision—it says nothing about our review of Commission's factfinding. Further, even if the two statutory provisions conflict, "[i]t is a commonplace of statutory construction that the specific governs the general." *State v. Su*, 121 F.4th 1, 13 (9th Cir. 2024). So no matter the majority's broad interpretation of § 823(d)(2)(A)(ii)(i), Congress directly and expressly cabins our authority here. We should have followed the plain text of § 823(d)(2)(A)(ii)(i).

Contrary to supporting the majority, *Bumble Bee Seafoods v. Dir., Off. of Workers' Comp. Programs*, 629 F.2d 1327, 1329 (9th Cir. 1980), counsels that we follow the plain text of § 816(a)(1). In that case, the Longshoremen's and Harbor Workers' Compensation Act directed the Benefits Review Board to treat the "findings of fact in the decision under review" as "conclusive if supported by substantial evidence in the record considered as a whole." 33 U.S.C. § 921(b)(3). So the Act mandated that the Board view the ALJ's factfinding as "conclusive"—unlike the Mine Act. And more importantly, Congress gave no instruction to federal appellate courts to treat the Board's factfinding as "conclusive" as the Mine Act does. *See id.* § 921(c). So it's no wonder that the Mine Act's standard of review would differ from the Longshoremen's Act's.

Nor does *Miller Min. Co. v. Fed. Mine Safety & Health Rev. Comm'n*, 713 F.2d 487 (9th Cir. 1983), help the majority. In that case, we said "we will uphold the factual findings of the administrative law judge if there is substantial evidence to support them." *Id.* at 490. But the Commission there "adopted the decision" of the ALJ, so the Commission's factual findings *were* the ALJ's factual findings. *Id.* at 489. When the Commission and ALJ fully agree on the facts, our substantial evidence review is the same no matter what. But when the Commission and the ALJ disagree, Congress said we must review the Commission's version.

2.      Thomas also challenges the Commission's application of the but-for causation standard.   "[A] but-for test directs us to change one thing at a time and see if the outcome changes." *Bostock v. Clayton County*, 590 U.S. 644, 656 (2020). Though Thomas argues that the Commission misapplied but-for causation by "really looking for a 'sole cause' of adverse action," the record shows otherwise.   The Commission found that "Thomas failed to prove that his discharge was *in any way* caused by any protected activity."   It concluded that Thomas would have been suspended for his safety-device misconduct and considered resigned after his refusal to communicate with CalPortland even if Thomas had not engaged in protected activity.  So rather than find that Thomas's protected activity wasn't the "sole cause" of his termination, the Commission found that his protected activity wasn't a cause *at all*.  Though Thomas may disagree with the Commission's findings, he cannot argue that it incorrectly applied but-for causation.  We should have denied the petition on this claim as well.